UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-21754-CIV-MORENO**

BAHREDDINE HANNAT,

       Plaintiff,

vs.

USAA GENERAL INDEMNITY COMPANY,

       Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

Bahreddine Hannat sued USAA General Indemnity Company in Circuit Court for Miami-Dade County, Florida, alleging breach of contract. *See Bahreddine Hannat v. USAA General Indemnity Company*, Case No. 2017-005627 CC-05. Hannat seeks damages resulting from USAA's alleged failure to properly adjust Hannat's insurance claim. USAA removed the case, contending that the federal court had subject-matter jurisdiction based on diversity of citizenship, and moved to dismiss the Complaint. Hannat subsequently filed a Motion for Remand, arguing that USAA cannot establish diversity jurisdiction because the amount in controversy does not exceed $75,000.

Because USAA fails to establish that Hannat's claim satisfied the amount-in-controversy requirement at the time of removal, Hannat's Motion for Remand (D.E. 11) is **GRANTED**. All other pending motions are **DENIED** as moot.

## I.    LEGAL STANDARD

Where the federal district courts have original jurisdiction over a civil action filed in state court, a defendant may remove the case to federal district court. 28 U.S.C. § 1441. Federal

district courts have original jurisdiction based on diversity of citizenship where the parties are citizens of different states and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332.

The Eleventh Circuit has held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citations omitted). "[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (explaining that "there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition[,]" and holding that district courts may "consider post-removal evidence in assessing removal jurisdiction"). To avoid infringing on state sovereignty, courts must strictly construe removal requirements and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

## II.   ANALYSIS

### A.   Motion for Remand

#### 1.   Arguments

Subject-matter jurisdiction based upon diversity of citizenship exists only if (i) the parties are citizens of different states, and (ii) the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332. Although Hannat and USAA agree that they are citizens of different states, they dispute whether Hannat's claim satisfies the amount-in-controversy requirement.

Hannat asserts that his damages from USAA's alleged breach of contract do not exceed $10,000, much less $75,000. But he also seeks prevailing-party attorney's fees under Florida Statutes § 627.428. According to USAA, Hannat's attorney's fees and costs for this case will

total approximately $84,000. USAA contends, therefore, that the amount in controversy is satisfied by including the estimated attorney's fees Hannat will incur to litigate the case.[1]

Hannat calls USAA's fee calculation "inflated" and contends that "the amount in controversy for this matter [will] not exceed $60,000" even including all actual and estimated attorney's fees. (Pl. Br. at 2.) However, he also disputes USAA's method of calculating the attorney's fees to include in the amount in controversy. Whereas USAA contends that the Court should count all of Hannat's attorney's fees (including fees incurred pre-removal as well as estimated fees to litigate the case from removal through trial), Hannat argues that the Court should include only fees he had incurred at the time of removal.

2.     **Legal Analysis**

As in *Waltemyer v. Northwestern Mutual Life Insurance Company*, Hannat's Motion for Remand depends on "whether the amount of attorney fees is calculated through the end of the case or terminate[s] at an earlier date for jurisdictional purposes." 2007 WL 419663, at *2 (M.D. Fla. 2007). The Eleventh Circuit has held that the amount in controversy must exceed $75,000 at the time of removal. *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290–91 (11th Cir. 2000), overruled on other grounds by *Alvarez v. Uniroyal Tire Co.*, 2007 WL 4146718 (11th Cir. 2007); *see also Sierminski*, 216 F.3d 945, 949 (11th Cir. 2000). "The general rule is that the amount in controversy is determined at the time of removal, and subsequent matters that affect the amount will not divest the court of jurisdiction." *Waltemyer*, 2007 WL 419663, at *2. District Courts applying that principle in similar cases have held that only

---

1 "The general rule is that attorney's fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003). Here, attorney's fees count toward the amount in controversy because Hannat claims he is "entitled to prevailing party attorney's fees . . . pursuant to Florida Statutes § 627.428." (Compl. ¶ 19.)

attorney's fees incurred prior to removal count toward the amount in controversy. *See id.; see also Rogatinsky v. Metro. Life Ins. Co.*, 2009 WL 3667073, at *2 (S.D. Fla. 2009).[2]

USAA filed its Notice of Removal on May 11, 2017 and included a Declaration estimating that Hannat had incurred just $1,200 in attorney's fees at the time of removal. (Decl. of Arturo Martinez at 2.) Hannat's own Declaration states that he had incurred "total attorney's fees of approximately $3,375" at the time of removal. (Decl. of Bahreddine Hannat at 2.) Finally, Hannat's Complaint alleges less than $10,000 in damages. (*See* (Compl. ¶ 1); (Pl. Resp. Br. at 2).) Thus, just as in *Waltemyer*, "the amount of attorney fees incurred prior to the Notice of Removal, when coupled with damages accrued as of the filing of the complaint, would not be sufficient to satisfy the jurisdictional amount." 2007 WL 419663, at *2.

Even if the Court calculated the amount in controversy to include the total sum of reasonable attorney's fees to litigate this case through trial, "judicial experience and common sense" suggest that it still would not exceed $75,000. *Traturyk v. W.-S. Life Assurance Co.*, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (noting that the Court may "employ its judicial experience and common sense in estimating the value of attorney's fees likely recoverable in a given case") (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010)). The Court in *Traturyk v. W.-S. Life Assurance Co.* recently addressed a similar dispute involving a $60,000 insurance claim—*i.e.*, six times the amount Hannat seeks. 2016 WL 727546, at *2. The Court estimated that a reasonable contingency fee would range from 33% to 40% of any recovery, and a reasonable hourly based fee would entitle Plaintiff's counsel to approximately

---

[2] To be sure, some courts hold that "attorney fees through the conclusion of the litigation are included when the action is filed initially in federal court." *Waltemyer*, 2007 WL 419663, at *2 (citing *Morrison v. Allstate Indemn. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). However, like other district courts in the Eleventh Circuit, the Court finds "no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction." *Id.* (citing *Poore*, 218 F.3d at 1290–91).

$20,000. *Id.* Applying those fee estimates in this case, Hannat's claim still fails to satisfy the amount-in-controversy requirement by more than $30,000.

**B.    Plaintiff's Request for Attorney's Fees and Costs**

Hannat asks the Court for an award of attorney's fees and costs. He contends that "[t]here is no logical reason why USAA would remove this case" except to "burden Plaintiff . . . with unnecessary expenses and judicial hurdles in an effort to thwart the progress of his Complaint." (Pl. Br. at 7.) In response, USAA suggests "it was incumbent upon USAA GIC to remove the case." (Def. Opp. at 8.)

The Supreme Court has held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although it was by no means "*incumbent*" upon USAA to remove a $10,000 contract dispute to federal court, it does not appear that USAA lacked an objectively reasonable basis for doing so. *See Rogatinsky*, 2009 WL 3667073, at *3 (denying Plaintiff's request for attorney's fees in similar removal dispute because "Defendant's legal arguments were colorable and reasonable, especially given the paucity of caselaw regarding how attorney's fees should be calculated in removal cases"). As such, the Court denies Hannat's request for attorney's fees and costs associated with the filing of this motion.

### III.    CONCLUSION

Having considered the motion, the response, and pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Bahreddine Hannat's Motion for Remand (D.E. 11) is **GRANTED**. This matter is **REMANDED** to the Circuit Court in and for Miami-Dade County, Florida. All pending motions are **DENIED** as moot and the clerk shall close this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _____ of October 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record